1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TYRE'ID O.I. HODGES, | ) | Case No.: 1:13-cv-00654-DAD-SAB (PC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING WITHOUT PREJUDICE |
| v. | ) | PLAINTIFF'S MOTION FOR APPOINTMENT |
| | ) | OF COUNSEL |
| JERALD SHARON, et al., | ) | |
| | ) | [ECF No. 46] |
| Defendants. | ) | |
| | ) | |
|_____| ) | |

Plaintiff Tyre'Id O.I. Hodges is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for appointment of counsel, filed January 25, 2016.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

///

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, Defendants have filed a motion for summary judgment, and the Court does not find that Plaintiff cannot adequately articulate his claims or respond to the Court's orders.  Although Plaintiff contends that he is legally blind, Plaintiff's eyesight appears sufficient enough to prepare and file legal documents in this case.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings, if this case survives summary judgment.  Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 27, 2016**

UNITED STATES MAGISTRATE JUDGE