UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRE'ID O.I. HODGES,<br><br>            Plaintiff,<br><br>     v.<br><br>JERALD SHARON, et al.,<br><br>            Defendants. | No. 1:13-cv-00654-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; GRANTING SUMMARY JUDGMENT IN PART AND DENYING IT IN PART; AND DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(Doc. Nos. 41, 56, 66) |

Plaintiff is appearing *pro se*[1] and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 30, 2015, defendants filed a motion for summary judgment. (Doc. No. 41).

---

[1] On August 24, 2016, the assigned magistrate judge issued an order appointing counsel on behalf of plaintiff for the limited purpose of assisting plaintiff in preparing for and participating in a settlement conference in this action which is now scheduled before another magistrate judge on November 29, 2016. (Doc. Nos. 60, 64.) The Clerk of the Court is directed to correct the docket in this action to reflect that plaintiff is proceeding pro se in this action and that appointed counsel is appearing on his behalf for this limited purpose only.

1

1    On July 28, 2016, the assigned magistrate judge issued findings and recommendations recommending that defendants motion for summary judgment be granted in part and denied in part. (Doc. No. 56.) The findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within thirty days (30) days from the date of service. On August 15, 2016, plaintiff filed objections to the findings and recommendations. (Doc. No. 59.) On August 24, 2016, plaintiff filed a document styled as his "additional objections" to the findings and recommendations. (Doc. No. 61.) On August 26, 2016, defendants filed objections to the findings and recommendations. (Doc. No. 62.)[2] On September 8, 2016, plaintiff filed a declaration and a motion to strike defendants' objections to the findings and recommendations. (Doc. Nos. 65, 66.)[3]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be largely supported by the record and by proper analysis. However, given developments occurring after the findings and recommendations were served on the parties, apparently resulting in substantive changes to what were represented to be the undisputed material facts on summary judgment, the undersigned cannot adopt the findings and recommendations in full. Accordingly, those findings and recommendations are adopted, save and except as discussed below.

*I.    The Shabbat Worship Claim*

In his complaint plaintiff alleged that his ability to celebrate Shabbat was being substantially burdened for a variety of reasons. Defendants moved for summary judgment in their favor on this claim based upon evidence that accommodations intended to ameliorate these

---

[2] In addition, on July 29, 2016, plaintiff filed a statement concerning Shabbat services and on August 30, 2016, he filed a notice regarding his removal from the kosher diet program. (Doc. Nos. 57, 63.)

[3] The findings and recommendations was served on defendants electronically on July 28, 2016, and provided notice that objections were to be filed within thirty days. Defendants timely filed their objections on August 26, 2016. Accordingly, plaintiff's motion to strike the defendants' objections (Doc. No. 66) is denied.

burdens had been in place at the time of the motion for more than a year. (Doc. No. 41-1 at 20.) In the findings and recommendations, the magistrate judge noted these accommodations and recommended that summary judgment be granted in defendants favor with respect to plaintiff's Shabbat worship claim on that basis. (Doc. No. 56 at 25–26.) The two undisputed facts underlying the magistrate judge's recommendation as to this claim were: (1) the Messianic Jewish inmates were scheduled to have religious services in the Facility A main chapel on Saturday (the day for celebrating Shabbat) from 10:00 a.m. to 11:00 a.m. and had been so scheduled for more than a year; and (2) Chaplain Haroun was present to assist the inmates if needed during the Shabbat services. (*Id.*) Based upon this evidence presented on summary judgment, the magistrate judge concluded that plaintiff could not show any policy, practice, or procedure instituted by the California Department of Corrections and Rehabilitation ("CDCR") had substantially burdened his access to Shabbat services. (*Id.*)

In his objections, plaintiff asserts there is no longer a chaplain working on Saturdays and that he is no longer receiving Shabbat services on Saturday mornings. (Doc. No. 59 at 1–2.) Further, according to plaintiff, the Messianic Jewish inmates are no longer permitted to have religious services in the main chapel during that time, but are required to conduct services outside. (*Id.*) According to plaintiff, this change inhibits the religious practice in two ways: (1) the Messianic Jewish inmates can no longer use TVs or DVD players in their services because they are outside; and (2) plaintiff is forced to place the religious items used during worship on the ground, which "is a defilement of our religious items." (*Id.*) In his objections, plaintiff has also come forward with evidence of this change in practice, specifically an inmate request form in which J. Moore, the community resources manager at Corcoran Substance Abuse Treatment Facility advises that Chaplain Haroun "does not work weekends" and that services on Saturday can be "scheduled in the outdoor religious grounds." (Doc. No. 59 at 6.) J. Moore's signature on this form is dated August 3, 2016, approximately one week after the findings and recommendations recommending that summary judgment be granted in favor of defendants were issued.

/////

Thus, it now appears that the two factual circumstances noted by the magistrate judge in concluding that summary judgment was appropriate on this claim have substantially changed. Since these accommodations were the only basis upon which defendants moved for summary judgment on this claim, and those accommodations are no longer being provided, the undersigned does not adopt the recommendation that defendants be granted summary judgment in their favor as to plaintiff's Shabbat worship claim.[4] The undersigned expresses no opinion as to whether the current accommodations, whatever they may be, are such that a triable issue of fact on plaintiff's Shabbat worship claim exists or not.

## II.   The Kosher Diet Claims

Defendants also initially moved for summary judgment in their favor on any claim related to the alleged failure to provide plaintiff a kosher diet based on their presentation of evidence that plaintiff had, in fact, been receiving kosher meals since February 13, 2014. (Doc. No. 41-1 at 20.) The magistrate judge recommended that defendants' motion for summary judgment be granted because it was undisputed that plaintiff was now receiving kosher meals, thereby mooting the issue. (Doc. No. 56 at 27–29.) It now appears plaintiff was removed from the kosher diet program on August 19, 2016, after the findings and recommendations were issued, because he was charged with at least one and possibly two prison rule violations for purchasing non-kosher items from the canteen. (Doc. Nos. 61, 68.) Because it is now clear that the undisputed material facts presented to the assigned magistrate judge are no longer true, the undersigned does not adopt the recommendation that defendants be granted summary judgment with respect to plaintiff's kosher diet claim. Again, the undersigned expresses no opinion as to whether, based upon the current evidence, plaintiff's religious practices are being subjected to a substantial burden.

/////

---

[4] The timing of these apparent changes to the accommodations being extended to plaintiff is somewhat troubling. Perhaps the court is not aware of all of the surrounding circumstances. However, regardless of the reasons for the changes, the undersigned would have expected defendants to advise the court if the undisputed material facts on summary judgment had changed at any point during the pendency of this lawsuit and especially while their motion for summary judgment was still under submission.

4

### III. Defendants' Objections

Defendants moved for summary judgment on any claim that they be required to hire a Messianic Jewish chaplain, asserting there was no legal obligation for CDCR to hire such an employee and that the failure to do so did not impose a "substantial burden" on plaintiff. (Doc. No. 41-1 at 16–18.) The magistrate judge recommended denying defendants' motion for summary judgment with respect to this claim, noting that plaintiff had presented some evidence that due to confusion amongst the prison chaplains about the differences between traditional and Messianic Judaism, the prison chaplains were compelling prisoners to use inappropriate religious items in their services and to celebrate religious holidays in inappropriate ways. (Doc. No. 56 at 20.) Defendants believe this recommendations should be rejected for much the same reason as initially argued, namely, that they have no obligation to hire a Messianic Jewish chaplain or supply inmates with religious items for their personal use. (Doc. No. 62 at 1–5.) The undersigned is not persuaded by these arguments, which largely miss the point.

The magistrate judge found a genuine dispute of material fact because these two failures by prison chaplains—requiring prisoners to use inappropriate religious items and celebrate holidays in inappropriate ways—could constitute evidence of a substantial burdening of plaintiff's practice of his religion. (Doc. No. 56 at 20.) While defendants might not be required to provide plaintiff's choice of a religious chaplain as a general rule, the evidence presented by plaintiff on summary judgment indicates that this failure in this particular circumstance may be leading to a Hobson's choice wherein plaintiff either celebrates holidays in an inappropriate manner for his religion or is barred from celebrating them at all. *See Greene v. Solano Cty. Jail*, 513 F.3d 982, 987–88 (9th Cir. 2008) (noting that the Ninth Circuit had previously found that the "false choice" between complying with a regulation or having privileges revoked for the failure to do so was no defense to an RLUIPA claim) (discussing *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005)).

Further, to the extent defendants seek rejection of the magistrate judge's finding that there is a genuine dispute of material fact as to whether plaintiff is being accommodated with two annual special religious meals on Passover and Yom Kippur, they do so by disputing plaintiff's

5

evidence. This is no basis upon which to reject the magistrate judge's recommendation. Rather, the argument itself establishes the correctness of the magistrate judge's conclusion that the evidence on summary judgment establishes the existence of disputed issues of material fact precluding the granting of summary judgment as to this claim.

For the reasons set forth above:

1. The Clerk of the Court is directed to correct the docket to reflect that plaintiff is proceeding pro se in this action and that appointed counsel is appearing on his behalf only for the limited purpose of assisting plaintiff in connection with the upcoming settlement conference;.

2. Plaintiff's motion to strike defendants' objections as untimely (Doc. No. 66) is denied;

3. The findings and recommendations filed July 28, 2016 (Doc. No. 56) are adopted in part;

4. Defendants' motion for summary judgment (Doc. No. 41) is granted in part and denied in part as follows:

    a. Defendants' motion for summary judgment with respect to plaintiff's third party claims is granted;

    b. Defendants' motion for summary judgment with respect to plaintiff's RLUIPA claims for Messianic Jewish religious personal items and approval of plaintiff's designated vendors is granted;

    c. Defendants' motion for summary judgment with respect to plaintiff's RLUIPA claims for a Messianic Jewish chaplain, two special religious meals per year, Saturday morning Shabbat services, three kosher meals daily, and Messianic Jewish items for corporate worship is denied; and

5. This action is now proceeding against defendants on plaintiff's RLUIPA claims for a Messianic Jewish chaplain, two special religious meals per year, Saturday morning Shabbat services, three kosher meals daily, Messianic Jewish items for corporate worship, and a religious designation for Messianic Judaism to be officially accepted and endorsed by CDCR, and claims

/////

/////

for violation of the First Amendment; and against defendant Jerald Sharon on plaintiff's individual equal protection claim.

IT IS SO ORDERED.

Dated: **November 3, 2016**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE